NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEBASTIAN CALABRIA AND YANESIS PASQELLA | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 06-CV- 6256(DMC) |
| STATE OPERATED SCHOOL DISTRICT FOR CITY OF PATERSON, DENNIS CLANCY, EILEEN SHAFER, JACK PERNA, JAMES SMITH, BRENDA PATTERSON, JOHN DOES 1-4, being fictitiously named defendants Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Sebastian Calabria ("Calabaria")and Yanesis Pasquella ("Pasquella")(collectively "Plaintiffs") for reconsideration of this Court's August 25, 2008, Opinion granting Defendants the State-Operated School District of the City of Patterson ("District"), Dennis Clancy, Eileen Shafer, Jack Perna, James Smith, Brenda Patterson, and John Does 1-4's (collectively "Defendants") motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of the Court that Plaintiffs' motion for reconsideration is **denied**.

## I. BACKGROUND[1]

### A. Factual History

Calabria has been employed with the District holding numerous teaching and supervisory positions since the year 2000. Pasquella served as a teaching assistant with the District from 1999 until her termination in the fall of 2004. In 2004, Plaintiffs held positions in the Paterson Educational Partnership-Twenty First Century ("PEP121"). On or about March 8, 2004, Calabria, in his capacity as Educational Supervisor of PEP121 issued an open letter complaining that an employee allegedly violated the Paterson Board of Education Policy Manual Code of Ethics. The letter was signed by Calabria and non-parties. The letter was given to Jack Perna and later reviewed by Eileen Shafer, the Assistant Superintendent for Human Resources. The letter alleged that on March 4, 2004, a fellow employee advised Calabria and two other individuals that students' identities and test scores needed to be fabricated in order to secure state funding.

Several months later, the District commenced an investigation to determine whether Calabria and Pasquella prepared fraudulent over-time payment requests. The District believed that as Supervisor of PEP121, Calabria improperly approved the over-time payment requests of Pasquella and other employees. Following this investigation, on August 4, 2004, the District suspended Calabria with pay pending the outcome of the investigation into his alleged involvement in the approval of fraudulent over-time payment requests. The District referred the matter to the Passaic County Prosecutor's Office in the fall of 2004. Calabria was suspended for two years and was reinstated as a full-time employee around September 1, 2006. Since his reinstatement, Calabria has been transferred to two different positions. Calabria currently serves

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective papers.

as Supervisor of the Urban Leadership Academy for grammar school students. While suspended, Calabria received no incremental pay raises.

The District found that Pasquella had falsified her time records, and sent her a letter on September 17, 2004, notifying her of her dismissal. The District continued to pay Pasquella through November 17, 2004. Pasquella filed a Notice of Tort Claim on December 15, 2004.

### B. Procedural History

On December 28, 2006, Plaintiffs filed a Complaint against Defendants alleging: (1) deprivation of their right to free speech and due process under 42 U.S.C. § 1983, *et. seq.* due to false accusations and malicious prosecution; (2) violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1, *et. seq.* based on a claim of employment retaliation because of "whistle-blowing activity"; (3) violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12 for wrongful reprisals from a "protected activity;" (4) malicious prosecution; and (5) civil conspiracy. Plaintiffs amended their Complaint to include a claim for common law wrongful discharge.

Defendants soon filed a motion for summary judgment pursuant to Fed R. Civ. P. 56(c). Defendants looked to dismiss Plaintiffs' Complaint as a matter of law because the Complaint was filed beyond various statute of limitations. Specifically, Defendants contended that Plaintiffs filed their Complaint beyond the two year New Jersey statute of limitations for § 1983 claims, beyond the one year statute of limitations for CEPA claims, beyond the two year statute of limitations for NJLAD claims and beyond the two year statute of limitations for New Jersey tort claims. Additionally, Defendants asserted that the record is lacking competent evidence to adduce the alleged violations.

On August 26, 2008, this Court issued an Order and Opinion granting Defendants' motion for summary judgment. On September 4, 2008, Plaintiffs moved for reconsideration.

3

## II. STANDARD OF REVIEW

Motions for reconsideration in this district are governed by L. Civ. R. 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Local Rule 7.1(i) requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." L. Civ. R. 7.1(i). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

## III. Discussion

### A. The Investigation

It is unclear if Plaintiffs' are alleging that the actions taken by Defendants alone or if the actions taken by the prosecutor in conjunction constitute a "criminal proceeding." Either way, this Court has already considered whether the entire investigation that took place constitutes a "criminal proceeding" under the current understanding of the law. This Court decided that what occurred does not conform with the current understanding of a "criminal proceeding." Plaintiffs

4

are now disagreeing with the Court and seek a different result by recapitulating old arguments.

Plaintiffs contend that the Court did not consider whether the investigation of Calabria and Pasqella constitutes a criminal proceeding pursuant to 42 U.S.C. § 1983. In its August 26, 2008, Opinion, the Court determined that Plaintiffs had not presented sufficient support for their contention that the investigation undertaken in this matter constitutes a "criminal proceeding" under 42 U.S.C. § 1983. As discussed by Plaintiffs, the Third Circuit has left open the question of whether a prosecutor's investigation constitutes a "criminal proceeding." Although the Court did not reach Plaintiffs' retaliatory investigation claim, the Court did consider the appropriateness of expanding its understanding of a "criminal proceeding" to encompass investigations like the one undertaken in this case.

Reconsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected. See Russell v. Levi, 2006 WL 2355476 *1-2 (D.N.J. Aug. 15, 2006); Oritani S&L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988). Such is the case here. Plaintiffs simply disagree with the Court's decision not to expand the current understanding of a "criminal proceeding," and are merely recapitulating arguments raised in the underlying proceeding. The Court has already considered whether to expand what constitutes a "criminal proceeding" and declined. Plaintiffs are now improperly asking the court to rethink its conclusion. Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

**B. Deprivation of Liberty**

Plaintiffs' argument that the Court misapplied applicable law is unfounded. Plaintiffs first argue that the Court misapplied the requirements for a § 1983 claim as established by Wiltz v.

5

Middlesex County, 249 Fed. Appx. 944 (3d Cir. 2007). Contrary to Plaintiffs' assertion, the Court did not apply the "deprivation of Liberty" prong to the § 1983 claim. The Court instead dismissed Plaintiffs' § 1983 claim because it failed to meet the "criminal proceeding" prong of the Wiltz test. The Court could not have wrongfully applied the "deprivation of liberty" standard because it was not part of the Court's analysis. Similarly, Plaintiffs assert that, "the Court later stated that Plaintiffs were required to provide evidence they were arrested." This part of the Opinion was responding to the common law claim and not the § 1983 claim. Moreover, regardless of the failure to present evidence of an arrest, Plaintiffs failed to establish any of the other requirements necessary to satisfy the "initiated proceedings" prong of the common law test.

In addition, Plaintiffs' reliance on Johnson v. Knorr is in error. Johnson involved a malicious prosecution where the plaintiff was arrested and charged. Here, charges were never brought against Plaintiffs. Johnson provides that a § 1983 charge involving first amendment rights might be brought even though liberty issues are not implicated. The operative word is might. Contrary to Plaintiffs' argument, Johnson does not make the clear cut assertion that a malicious prosecution can be proven where deprivation of liberty has not been demonstrated. The Johnson Court cites Hartman v. Moore, 547 U.S. 250 (2006), which is also distinguishable from the current case. Hartman is distinguishable because the plaintiffs in Hatman had federal charges filed against them. Plaintiffs have not identified an error, new law or a manifest injustice and therefore have failed to meet the stringent requirements of Rule 7.1(i).

C. **Proof of Grand Jury Inquiry**

Plaintiffs seek access to any possible grand jury documents regarding this matter. A motion for reconsideration is not a "second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (D.N.J.1998) (citing *Database Am.*, 825 F. Supp. at 1220). Plaintiffs' request for evidence

6

regarding an alleged grand jury proceeding or attempt to prove that a grand jury proceeding took place should have been part of their original discovery efforts.

In support of their position, Plaintiffs' cite to Sate v. Doliner, 96 N.J. 236 (1984). Doliner dealt with the appropriate standard for gaining access to grand jury records. Here, we are not concerned with whether Plaintiffs are entitled to access grand jury records. Rather at issue is whether there even was a grand jury inquiry. In their opposition to Defendants' summary judgment motion Plaintiffs cited Greyer v. Faiella, 279 N.J. Super. 386 (App. Div. 1995). The Greyer Court held that even when a grand jury investigation does not result in an indictment, the fact that there was an investigation is sufficient to maintain an action for malicious prosecution. Here, the record suggests that a grand jury inquiry did not take place. During the pendency of a grand jury investigation the matter is secret. After the investigation however, the grand jury returns either an indictment or a "no bill." In either case, the fact that there was an investigation is known to those under investigation. New Jersey Court Rule 3:6-8.

Plaintiffs argue that this Court created a new requirement for establishing malicious prosecution. This is incorrect. The Court's discussion concerning grand jury investigations was in response to Plaintiffs' raising of the issue. In its Opinion, the Court merely pointed out that Plaintiffs failed to provide evidence that a grand jury inquiry occurred. The Court's discussion did not establish that in order for Plaintiffs to establish malicious prosecution they must demonstrate that there was a grand jury investigation but rather that one element of malicious prosecution is that there must have been a criminal proceeding and that a grand jury inquiry has been found to be sufficient to satisfy this element. The Court came to its conclusion because Plaintiffs failed to support their contention that there was a "criminal proceeding" with adequate evidence and not solely because of Plaintiffs failure to establish that a grand jury proceeding took place.

7

### D. Pasquella's Third Party Standing

This Court ruled that Plaintiffs have failed to allege or produce adequate evidence to demonstrate that Plaintiffs' conspiracy claim impacts Pasquella. Plaintiffs are now asserting that Paquella has third party standing pursuant to the unpublished decision of Cicchetti v. Davis, Civ. Action No. 08-10546 (S.D.N.Y. 2008). This is an inappropriate argument because motions for reconsideration may only address issues raised previously. See SPIRG v. Monsanto Co., 727 F. Supp 876, 979 (D.N.J.), aff'd 891 F.2d 283 (3d Cir. 1989). Reconsideration is not to be used as a means of expanding the record to include matters not originally before the Court. Bowers v. Nat'l Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 613 (D.N.J 2001). By making this third party standing argument for the first time in their motion for reconsideration, Plaintiffs are trying to expand the record. Accordingly, the Court will not consider Pasquella's third party standing argument.

### IV. CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiffs' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: May __, 2009
Orig.: Clerk
cc: All Counsel of Record
Hon. Mark Falk, U.S.M.J.
File